GREENBERG TRAURIG, LLP
David D. Cleary
Arizona Bar No. 011826
Kevin J. Morris
Arizona Bar No. 012268
2375 East Camelback Rd., Suite 700
Phoenix, Arizona 85016
Telephone: (602) 445-8000
Facsimile: (602) 445 8100
Email: clearyd@gtlaw.com
Email: morriskj@gtlaw.com

and

John H. Bae
Gary D. Ticoll
Kaitlin R. Walsh
Burke A. Dunphy
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
baej@gtlaw.com

*Attorneys for SMA Issuer I, LLC*

IN THE UNITED STATES BANKRUPTCY COURT

THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**ARTE SENIOR LIVING L.L.C.**,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:12-bk-14993-GBN<br><br>**PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR ARTE SENIOR LIVING L.L.C.** |

SMA Issuer I LLC ("SMA"), by and through its undersigned counsel, hereby submits to the Court and creditors of Arte Senior Living L.L.C. (the "Debtor") the following *Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Arte Senior Living L.L.C.*, dated April 4, 2013 (the "Plan"), pursuant to §§ 1121(c)(3) of chapter 11, title 11, of the United States Code (the "Bankruptcy Code").

## I. DEFINITIONS

For purposes of this Plan, except as expressly provided herein or unless the context otherwise requires, all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in this Section I of the Plan. Any term used in the Plan that is not defined in the Plan, but is defined in the Bankruptcy Code or the Bankruptcy Rules, retains the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, such terms include the plural as well as the singular, the masculine gender includes the feminine gender, and the feminine gender includes the masculine gender.

As used in this Plan, the following terms have the meanings specified below:

**Administrative Claim**: Any right to payment constituting a cost or expense of administration of the Debtor's case Allowed under sections 503(b), 507(a)(1), and 507(b) of the Bankruptcy Code, including, without limitation: (a) any actual and necessary costs and expenses of preserving the Estate; (b) any actual and necessary costs and expenses of operating the Debtor's business; (c) any indebtedness or obligations incurred or assumed by the Debtor as Debtor in Possession during the pendency of the Debtor's case; and (d) any compensation for professional services rendered and reimbursement of expenses incurred, to the extent Allowed by Final Order under section 330 or 503 of the Bankruptcy Code.

**Allowed Claim**: Allowed Claim shall mean a Claim:

(a) with respect to which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 of the Rules of Bankruptcy Procedure or by any Order of the Court setting a bar date, and to which no objection to the allowance of the Claim has been filed by the Debtor or any other party or as to which any such objection has been determined by an order or judgment of the

Court which is no longer subject to appeal and to which no appeal is pending, or

(b) which is scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), Rules of Bankruptcy Procedure, and not listed as disputed, contingent or unliquidated.

An Allowed Claim shall not include unmatured or post-petition interest, penalties, fees or costs, unless specifically stated in the Plan. A claim shall be allowed only for the amount of money or money's worth actually paid to the Debtor, plus any interest allowed by the Court or agreed upon by the Debtor. Notwithstanding § 502(a) of the Code and Rules 3001 and 3003, for the purposes of the Plan, a Claim shall not be an Allowed Claim unless it satisfies the definition of Allowed Claim under this Plan.

**Allowed Interest**: An Interest in the Debtor held by a person or entity, as of the Effective Date, and as to which (a) such Interest was listed in the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, and no objection has been made within the time allowed for the making of objections, (b) a Final Order has been entered allowing such Interest, or (c) a timely and proper proof of interest has been filed, and as to which no objection to the allowance of the Interest has been filed by the Debtor or any other party, or as to which any such objection has been determined by an order or judgment of the Court which is no longer subject to appeal and to which no appeal is pending.

**Allowed Priority Claim**: The Allowed Claim of a Claimant that is entitled to priority in payment under 11 U.S.C. §§ 507(a)(3) through (a)(10).

**Allowed Secured Claim**: An Allowed Claim to the extent that such Allowed Claim is secured by a lien which is unavoidable, on property in which the Estate has an interest, to the extent of the value of such Creditor's interest in the Estate's interest in such property as determined in light of the purpose of the valuation and of the proposed disposition and use of such property.

**Allowed Unsecured Claim**: An Allowed Claim to the extent that such Allowed Claim is not secured by a lien on property in which the Estate has an interest.

**Bankruptcy Code**: 11 U.S.C. §§ 101, et seq.

3

**Bankruptcy Court**: The United States Bankruptcy Court for the District of Arizona or any other court which may have jurisdiction over this case or any proceeding arising under, in, or relating to this case.

**Bankruptcy Rules**: The Federal Rules of Bankruptcy Procedure in effect as of the Petition Date.

**Cash**: Legal tender of the United States of America.

**Chapter 11**: Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101, et seq.

**Claim**: (a) A right to payment, whether or not such right is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, equitable, secured or unsecured, which right arose or accrued prior to the Confirmation Date; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, disputed, undisputed, secured, or unsecured.

**Claimant or Creditor**: Any person or entity that asserts a Claim.

**Confirmation**: The signing by the Court of the Confirmation Order.

**Confirmation Date**: The date upon which the Confirmation Order is entered upon the Bankruptcy Court's docket.

**Confirmation Order**: The Order signed by the Bankruptcy Court pursuant to 11 U.S.C. § 1129 confirming this Plan.

**Contingent Claim**: Any Claim for which a proof of claim has been filed with the Bankruptcy Court: (a) which was not filed in a sum certain, or which has not accrued and is dependent on a future event that has not occurred and may never occur, and (b) which has not been allowed on or before the Confirmation Date.

**Court**: The Bankruptcy Court.

**Debtor**: Arte Senior Living, LLC, an Arizona limited liability company.

**Disbursing Agent**: The Reorganized Debtor shall be the Disbursing Agent and shall make distributions to holders of Allowed Claims under the Plan.

4

**Disputed Claim**: A Claim which the Debtor listed as un-liquidated, disputed or contingent in its Schedules of Assets and Liabilities, or to which an objection has been filed which has not been resolved by a Final Order of the Bankruptcy Court.

**Effective Date**: The first date on which each of the conditions set forth in Section XI of this Plan have been satisfied or waived in accordance with such section; provided that if a stay of the Confirmation Order is in effect, then the Effective Date shall mean the first business day after such stay is no longer in effect, each of the conditions set forth in Section XI of this Plan have been satisfied or waived in accordance with such section.

**Estate**: The Debtor's bankruptcy estate created by the filing of the Petition as identified and described in § 541 of the Bankruptcy Code.

**Final Order**: An order or judgment of the Bankruptcy Court as to which no stay has been entered.

**Guarantors**: Those parties to the Guaranty Agreement, individually and collectively, jointly and severally, Stephen A. Kollins, personally and as Trustee of The Restated and Amended Stephen A. Kollins Living Trust dated April 3, 1992; David L. Craik and Violet Craik; and Jason D. Craik and Christine Craik.

**Guaranty Agreement**: That certain Guaranty Agreement dated January 17, 2008 by the Guarantors in favor of Bank of America, N.A., to which SMA is successor-in-interest.

**Insider**: A person or entity within the definition contained at § 101(31) of the Bankruptcy Code.

**Interest**: Any equity interest in the Debtor as of the Petition Date.

**Interest Holder**: Any person or persons owning an Interest in the Debtor as of the Petition Date.

**Person**: Any individual, corporation, partnership, joint venture, association, joint stock company, trust, unincorporated association or organization, governmental agency, or associated political subdivision.

**Petition**: The original voluntary petition for relief filed by the Debtor under Chapter 11.

**Petition Date**: The date on which the Petition was filed: July 5, 2012.

**Plan**: This Plan and any amendments or supplements thereto.

**Property**: The property owned by the Debtor, and the principal asset of the Estate, consisting of certain real property and improvements known as the Arte resort retirement community located at 11415 North 114th Street, Scottsdale, Arizona.

**Reorganized Debtor**: The Debtor after the Effective Date.

**SMA.**: SMA Issuer I, LLC.

**Schedules or Schedules and Statements**: The Schedules of Assets and Liabilities and Statement of Financial Affairs, and any amendments thereto, filed by the Debtor in this case.

**Tenants**: The parties that reside at the Property.

**Undersecured**: The term describing the Allowed Claim of a Secured Creditor when the value of the collateral securing said Allowed Claim is less than the amount of the Allowed Claim.

**Unliquidated**: The term describing the Allowed Claim of a Creditor when the value of the claim has not been determined or stated with finality.

## II. CLASSIFICATION OF CLAIMS AND INTERESTS

A. **Class 1: Priority Claims**

1. Class 1-A consists of Allowed Administrative Claims.
2. Class 1-B consists of Allowed Priority Claims under 11 U.S.C. §507(a)(8).

B. **Class 2: Secured Claims**

1. Class 2-A consists of the Allowed Secured Claim of SMA.
2. Class 2-B consists of the Allowed Secured Claim of Maricopa County.
3. Class 2-C consists of the Allowed Secured Claim of Enterprise Bank.
4. Class 2-D consists of the Allowed Secured Claim of TCF Equipment Finance Inc.

C. **Class 3: Unsecured Claims**

1. Class 3-A consists of the Allowed Unsecured Claim of SMA.

6

2. Class 3-B consists of Allowed Unsecured Tenant Deposit Claims.

3. Class 3-C consists of the Allowed Unsecured Claims of Creditors not treated elsewhere under this Plan.

**D.** **Class 4: Interest Holders**

1. Class 4 consists of all Allowed Interests of Interest Holders.

## III. IMPAIRMENT OF CLASSES

Classes 2-A, 3-A and 4 are Impaired, as that term is defined in section 1124 of the Bankruptcy Code. All other Classes under the Plan are unimpaired within the meaning of section 1124 of the Bankruptcy Code.

## IV. TREATMENT OF CLASSES

**A.** **Class 1: Priority Claims**

**1.** **Class 1-A: Administrative Claims**

This Class consists of Allowed Administrative Claims. Ordinary course Administrative Claims shall be paid as they come due in the ordinary course. Other Administrative Claims shall be paid on the later of (i) as soon as reasonably practicable after the Effective Date, or (ii) approval by the Bankruptcy Court, after notice and hearing. For the avoidance of doubt, other than ordinary course Administrative Claims, the Debtor shall not pay any Administrative Claims prior to approval by the Bankruptcy Court, after notice and a hearing.

This Class is not impaired, and is deemed to accept the Plan.

**2.** **Class 1-B: Tax Claims**

This Class consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(8) which are not otherwise treated as secured claims herein. As provided in 11 U.S.C. § 1129(a)(9)(C), unless Claimants holding Claims in this Class agree to an alternative form of treatment, the Allowed Priority Claims of Class 1-B shall receive regular installment payments in cash a) of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such Claim; b) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and c) in a manner not less favorable than the most favored non-priority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors

7

under section 1122(b)).

This Class is not impaired, and is deemed to accept the Plan.

**B.  Class 2:  Secured Claims**

    **1.  Class 2-A:  Allowed Secured Claim of SMA**

This class consists of the Allowed Secured Claim of SMA. SMA asserts a Claim against the Debtor, secured by the Property, in the approximate amount of $35,114,059.62. The Undersecured portion of SMA's Allowed Claim shall be treated as an unsecured claim in Class 3-A.

On the Effective Date, as set forth in Section IV.D. below, all Interests in the Debtor shall be cancelled. On the Effective Date, or as soon thereafter as is reasonably practicable, all membership interests in the Reorganized Debtor shall be issued to SMA, or an entity designated by SMA, in full satisfaction of the secured portion of SMA's Allowed Secured Claim. SMA consents to this treatment and accepts the Plan, but for the avoidance of doubt, SMA's consent to this treatment and acceptance of the Plan shall not constitute (or be deemed to constitute) a waiver, release or discharge of any Claims or causes of action that SMA has or may have against any person or entity other than the Debtor, including, without limitation, any Claims or causes of action against the Guarantors.

This Class is impaired, and shall be entitled to vote on the Plan. Class 2-A accepts the Plan.

    **2.  Class 2-B:  Allowed Secured Claim of Maricopa County**

This Class consists of the Allowed Secured Claim of Maricopa County, Arizona ("Maricopa County"), represented to be in the approximate amount of $81,229, secured by a tax lien on the Property.

Except to the extent that Maricopa County agrees to different treatment, at the sole option of the Reorganized Debtor, (i) the Allowed Secured Claim of Maricopa County shall be reinstated and rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, or (ii) Maricopa County shall receive Cash in an amount equal to the Allowed Secured Claim of Maricopa County, including any interest on such Claim required to be paid pursuant to

section 506(b) of the Bankruptcy Code, on the later of the Effective Date and the date the Allowed Secured Claim of Maricopa County becomes an Allowed Secured Claim or as soon thereafter as is practicable.

Maricopa County will retain its existing secured interest in the Property until this claim has been satisfied in full.

This Class is not impaired, and is deemed to accept the Plan.

### 3. Class 2-C: Allowed Secured Claim of Enterprise Bank

This Class consists of the Allowed Secured Claim of Enterprise Bank ("Enterprise"), in the approximate amount of $7,230, secured by a lien on a 2009 Cadillac DTS ("Enterprise Collateral") used by the Debtor in connection with the operation and maintenance of the Property.

Except to the extent that Enterprise agrees to different treatment, at the sole option of the Reorganized Debtor, (i) the Allowed Secured Claim of Enterprise shall be reinstated and rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, (ii) Enterprise shall receive Cash in an amount equal to the Allowed Secured Claim of Enterprise, including any interest on the Allowed Secured Claim of Enterprise required to be paid pursuant to section 506(b) of the Bankruptcy Code, on the later of the Effective Date and the date the Allowed Secured Claim of Enterprise becomes an Allowed Secured Claim or as soon thereafter as is practicable, or (iii) Enterprise shall receive the Enterprise Collateral and any interest on such Claim required to be paid pursuant to section 506(b) of the Bankruptcy Code, on the later of the Effective Date and the date such Claim becomes an Allowed Secured Claim, or as soon thereafter as is practicable.

Enterprise will retain its existing secured interest in the Property until this claim has been satisfied in full.

This Class is not impaired, and is deemed to accept the Plan.

### 4. Class 2-D: Allowed Secured Claim of TCF Equipment Finance Inc.

This Class consists of the Allowed Secured Claim of TCF Equipment Finance Inc. ("TCF"), in the approximate amount of $32,597, secured by a lien on a 2010 Ford Shuttle Bus

("TCF Collateral") used by the Debtor in connection with the operation and maintenance of the Property.

Except to the extent that TCF agrees to different treatment, at the sole option of the Reorganized Debtor, (i) the Allowed Secured Claim of TCF shall be reinstated and rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, (ii) TCF shall receive Cash in an amount equal to the Allowed Secured Claim of TCF, including any interest on the Allowed Secured Claim of TCF required to be paid pursuant to section 506(b) of the Bankruptcy Code, on the later of the Effective Date and the date the Allowed Secured Claim of TCF becomes an Allowed Secured Claim or as soon thereafter as is practicable, or (iii) TCF shall receive the TCF Collateral and any interest on such Claim required to be paid pursuant to section 506(b) of the Bankruptcy Code, on the later of the Effective Date and the date such Claim becomes an Allowed Secured Claim, or as soon thereafter as is practicable.

TCF will retain its existing secured interest in the Property until this claim has been satisfied in full.

This Class is not impaired, and is deemed to accept the Plan.

### C. Class 3: Unsecured Claims

#### 1. Class 3-A: Allowed Unsecured Claim of SMA

This Class consists of the Allowed Unsecured Claim of SMA. SMA shall receive no distribution on account of its Unsecured Claim. SMA consents to this treatment and accepts the Plan, but for the avoidance of doubt, SMA's consent to this treatment and acceptance of the Plan shall not constitute (or be deemed to constitute) a waiver, release or discharge of any Claims or causes of action that SMA has or may have against any person or entity other than the Debtor, including, without limitation, any Claims or causes of action against the Guarantors.

This Class is impaired, and is entitled to vote on the Plan. Class 3-A accepts the Plan.

#### 2. Class 3-B: Allowed Unsecured Tenant Deposit Claims

This Class consists of all Allowed Unsecured Claims of Tenants based on security deposits paid in accordance with the terms of their leases. These Claims shall be treated

consistently with the terms of each Tenant's underlying lease and related documentation.

This Class is not impaired, and is deemed to accept the Plan.

### 3. Class 3-C: All Other Allowed Unsecured Claims

This Class consists of all Allowed Unsecured Claims not otherwise provided for in this Plan. The holders of Allowed Unsecured Claims in this Class will each receive a distribution equal to one-hundred percent (100%) of their Allowed Unsecured Claims as soon as reasonably practicable following Effective Date.

This Class is not impaired, and is deemed to accept the Plan.

## D. Class 4: Interest Holders

Class 4 consists of the Interests in the Debtor. All Interests in Debtor shall be cancelled as of the Effective Date, and each Interest Holder shall neither receive nor retain any property on account of such Interest.

This Class is impaired, and is deemed to reject the Plan.

## V. MEANS FOR EXECUTING THE PLAN

### A. Funding

The Plan will be fully funded by SMA and revenue generated through operation of the Property.

### B. Liquidation of Estate Property

The Reorganized Debtor shall have the authority to retain such brokers, agents, counsel, or representatives as it deems necessary to market, lease and/or sell assets of the Reorganized Debtor.

### C. Disbursing Agent

The Reorganized Debtor shall act as the Disbursing Agent under the Plan.

### D. Documentation of Plan Implementation

In the event any entity which possesses an Allowed Secured Claim or any other lien in any of the Debtor's assets for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtor may record a copy of this Plan or

11

NY 242931835v3
Case 2:12-bk-14993-GBN    Doc 185    Filed 04/04/13    Entered 04/04/13 14:05:14    Desc
Main Document    Page 11 of 19

the Confirmation Order with the appropriate governmental agency and such recordation shall constitute the lien release and creation of any necessary new liens to satisfy the terms of the Plan. If the Debtor deems advisable, it may obtain a further Order from the Court that may be recorded in order to implement the terms of the Plan.

## VI. EFFECT OF CONFIRMATION

Except as otherwise provided in the Plan or the Confirmation Order, and except as may be provided in Section 1141(d)(2),(d)(3) and (d)(6) of the Bankruptcy Code, Confirmation acts as a discharge, effective as of the Confirmation Date, of any and all debts of the Debtor that arose any time before the entry of the Confirmation Order including, but not limited to, all principal and all interest accrued thereon, pursuant to § 1141 (d)( 1) of the Bankruptcy Code. The Discharge shall be effective as to each Claim, regardless of whether a proof of claim thereon was filed, whether the Claim is an Allowed Claim, or whether the holder thereof votes to accept the Plan.

For the avoidance of doubt, nothing in the Plan (including this section) shall constitute a waiver, release or discharge of any Claims or causes of action that SMA has or may have against any person or entity other than the Debtor, including, without limitation, any Claims or causes of action against the Guarantors.

## VII. OBJECTIONS TO AND ESTIMATIONS OF CLAIMS

### A. Objections and Bar Date for Filing Objections.

As soon as practicable, but in no event later than fifty (50) days after the Effective Date, objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made pursuant to the Bankruptcy Code and the Bankruptcy Rules. Objections filed after such date will be barred.

### B. Settlement of Claims.

Settlement of any objection to a Claim not exceeding $10,000 shall be permitted on the fifteenth (15th) day after notice of the settlement has been provided to the Reorganized Debtor, the Creditors, the settling party, and other persons specifically requesting such notice, and if on such date there is no written objection filed, such settlement shall be deemed approved. In the

12

NY 242931835v3
Case 2:12-bk-14993-GBN    Doc 185    Filed 04/04/13    Entered 04/04/13 14:05:14    Desc
Main Document    Page 12 of 19

event of a written objection to the settlement, the settlement must be approved by the Court on notice to the objecting party.

### C. Estimation of Claims.

For purposes of making distributions provided for under the Plan, all Claims objected to shall be estimated by the Disbursing Agent at an amount equal to (i) the amount, if any, determined by the Court pursuant to § 502(c) of the Bankruptcy Code as an estimate for distribution purposes; (ii) an amount agreed to between the Debtor and the Claimant; or (iii) that amount set forth as an estimate in the Plan. Notwithstanding anything herein to the contrary, no distributions shall be made on account of any Claim until such Claim is an Allowed Claim.

### D. Unclaimed Funds and Interest.

Distributions to Claimants shall be mailed by the Reorganized Debtor to the Claimants at the address appearing on the master mailing matrix unless the Claimant provides the Reorganized Debtor with an alternative address. For a period of one year from the date that a distribution was to be made by the disbursing agent but has gone uncollected by the Claimant, the disbursing agent shall retain any distributions otherwise distributable hereunder which remain unclaimed or as to which the disbursing agent has not received documents required pursuant to the Plan. Thereafter, the unclaimed funds shall be deposited in the appropriate distribution account for distribution to other Claimants entitled to participate in such respective fund.

## VIII. CLOSING OF CASE

Until this case is officially closed, the Reorganized Debtor will be responsible for filing pre- and post-confirmation reports required by the United States Trustee and paying the quarterly post-confirmation fees of the United States Trustee, in cash, pursuant to 28 U.S.C. § 1930, as amended. Pursuant to 11 U.S.C. § 1 129(a)(12), all fees payable under § 1930 of Title 28, as determined by the Court at the hearing on confirmation of the Plan, will be paid, in cash, on the Effective Date.

13
NY 242931835v3
Case 2:12-bk-14993-GBN    Doc 185    Filed 04/04/13    Entered 04/04/13 14:05:14    Desc
                          Main Document    Page 13 of 19

## IX. MEANS FOR EXECUTION OF PLAN

Upon entry of the Confirmation Order, all matters provided under the Plan shall be deemed authorized and approved without any requirement or further action by the Debtor, the Debtor's members, managers and/or managing members. The entry of the Confirmation Order will constitute authorization and direction for the Debtor to take or cause to be taken all corporate or other actions necessary or appropriate to consummate and implement the provisions of the Plan (including executing any necessary documents prior to, on and after the Effective Date, and all such actions taken or caused to be taken will be deemed to have been authorized and approved by the Bankruptcy Court. All such actions will be deemed to have occurred and will be in effect from and after the Effective Date pursuant to applicable non-bankruptcy law and the Bankruptcy Code, without any requirement of further action by the partners, members, stockholders, administrators, agents, officers or directors of the Debtor.

Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer from the Debtor to SMA or any other person or entity pursuant to this Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment. State and local governmental officials and/or agents are directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

## X. SUBSTANTIAL CONSUMMATION

Pursuant to 11 U.S.C. §1101, consummation of the confirmed Plan shall occur on or after the Effective Date.

## XI. CONDITIONS SUBSEQUENT

The Plan shall not become effective unless the following conditions are satisfied or waived by SMA in whole or in part:

1. The Confirmation Order is a final order acceptable to SMA, in full force and effect

and not subject to any stay or injunction.

2. No material amendments, modifications, supplements or alterations shall have been made to the Plan or any document delivered in connection therewith, without the express written consent of SMA, which consent may be granted, withheld, or conditioned in its sole discretion.

3. All actions and all agreements, instruments and other documents necessary to implement the terms and provisions of the Plan are executed or have occurred.

## XII. MODIFICATION OF THE PLAN

Pursuant to § 1127 of the Bankruptcy Code, SMA may:

(a) Modify the Plan at any time before Confirmation, so long as the Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code. After SMA files such a modification with the Court, the Plan as modified will become the operative plan.

(b) Modify the Plan at any time after confirmation of the Plan and before substantial consummation of the Plan, so long as the Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code. The Plan, as so modified, shall become the operative plan only if circumstances warrant such modification and the Court, after notice and a hearing, confirms such plan, as modified, under § 1129 of the Bankruptcy Code.

(c) SMA shall comply with section 1125 of the Bankruptcy Code with respect to the Plan, as modified.

(d) Any holder of a Claim or Interest that has accepted or rejected a Plan is deemed to have accepted or rejected, as the case may be, such Plan, as modified, unless, within the time fixed by the Court, such holder changes such holder's previous acceptance or rejection.

(e) The Plan, as modified, shall become the operative plan only after there has been disclosure under § 1125 as the Court may direct, notice and a hearing, and such modification is approved.

## XIII. REVOCATION OR WITHDRAWAL OF THE PLAN

SMA reserves the right to revoke or withdraw the Plan at any time prior to entry of the Confirmation Order. If SMA revokes or withdraws the Plan, or if confirmation of the Plan

15

NY 242931835v3
Case 2:12-bk-14993-GBN    Doc 185    Filed 04/04/13    Entered 04/04/13 14:05:14    Desc
Main Document    Page 15 of 19

does not occur, then the Plan shall be null and void in all respects; any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount any Claim or Interest or Class of Claims or Interests), any assumption or rejection of Executory Contracts effected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall: (a) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor or any other entity; (b) prejudice in any manner the rights of SMA or any entity in any further proceedings involving the Debtor; (c) constitute an admission of any sort by SMA or any other entity, or (d) constitute (or be deemed to constitute) a waiver, release or discharge of any Claims or causes of action that SMA has or may have against any person or entity other than the Debtor, including, without limitation, any Claims or causes of action against the Guarantors.

## XIV. JURISDICTION OF THE COURT

The Court will retain jurisdiction until this Plan has been fully consummated for, including but not limited to, the following purposes:

1. To determine the classification of the Claims of any Creditors and the re-examination of any Claims which have been allowed for the purposes of voting, and for the determination of such objections as may be filed to the Creditor's Claims. The failure by the Debtor or the Reorganized Debtor to object to or examine any Claim for the purpose of voting shall not be deemed to be a waiver of the right to object to or to re-examine the Claim in whole or in part.

2. To determine any Claims which are disputed by the Debtor, SMA or the Reorganized Debtor, whether such objections are filed before or after Confirmation, and to estimate any Unliquidated or Contingent Claims pursuant to 11 U.S.C. § 502(c)(1) upon request of the Debtor or any holder of a Contingent or Unliquidated Claim, and to make determinations regarding any objection to such Claim.

3. To determine all questions and disputes regarding title to the assets of the Estate, and to determine and adjudicate all causes of action, controversies, disputes or conflicts,

16

whether or not subject to action pending as of the date of Confirmation, between the Debtor and any other party, including but not limited to, any rights of the Debtor or the Reorganized Debtor to recover assets pursuant to the provisions of the Bankruptcy Code.

    4.     To correct any defect, cure any omission or make any reconciliation of any inconsistencies in this Plan, or the Confirmation Order, as may be necessary to carry out the purposes and intent of this Plan.

    5.     To address and approve any proposed modification of this Plan after Confirmation, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

    6.     To enforce and interpret the terms and conditions of this Plan.

    7.     To enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor or the Reorganized Debtor, and to impose such limitations, restrictions, terms and conditions of such title, right and power that this Court may deem necessary.

    8.     To enter an order concluding and terminating this case.

## XV. RETENTION AND ENFORCEMENT OF CLAIMS

Pursuant to § 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce any and all Claims of the Debtor, except those Claims specifically waived herein. Any retained causes of action include, but are not limited to, all avoidance actions, fraudulent conveyance actions, preference actions, and other Claims and causes of action of every kind and nature whatsoever, arising before the Effective Date which have not been resolved or disposed of prior to the Effective Date.

Any recovery obtained from retained causes of action shall become an additional asset of the Reorganized Debtor and may distributed to creditors or used in connection with the operations of the Reorganized Debtor's business, in the sole discretion of the Reorganized Debtor, unless otherwise ordered by the Court.

## XVI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, Debtor assumes all executory contracts and unexpired leases in existence as of such date, unless, prior to the Effective Date, SMA files a motion to reject an

executory contract in which case the Court shall determine if such contract is assumed or rejected. Claims under § 502(g) of the Bankruptcy Code arising as a result of the rejection of executory contracts or unexpired leases shall be filed no later than thirty (30) days after the entry of an order rejecting such executory contract or unexpired lease. Any such Claims not timely filed and served shall be disallowed.

## XVII. REVESTING

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date the Reorganized Debtor shall be vested with all the property of the Estate free and clear of all claims, liens, charges, and other interests of Creditors, arising prior to the Effective Date. Upon the Effective Date, the Reorganized Debtor shall operate its business free of any restrictions.

DATED: April 4, 2013.

GREENBERG TRAURIG, LLP

By: /s/ *John H. Bae*
    John H. Bae
    Gary D. Ticoll
    Kaitlin R. Walsh
    Burke A. Dunphy
    200 Park Avenue
    New York, New York 10166
    Telephone: (212) 801-9200
    Facsimile: (212) 801-6400
    baej@gtlaw.com

-and-

David D. Cleary
Arizona Bar. No. 011826
Kevin J. Morris
Arizona Bar. No. 012268
GREENBERG TRAURIG, LLP
2375 East Camelback Rd., Suite 700
Phoenix, Arizona 85016
Telephone: (602) 445-8000
Facsimile: (602) 445 8100
Email: clearyd@gtlaw.com
Email: morriskj@gtlaw.com

*Attorneys for SMA Issuer I, LLC*

| | |
|---|---|
| 1 | E-FILED this 4th day of April 2013 with the Clerk of the Court. |
| 2 | |
| 3 | COPIES of the foregoing were served electronically this 4th day of April 2013 via the Court's ECF system on all parties that have appeared in this case. |
| 4 | |
| 5 | /s/ Barrie Peagler |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |